IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN RAY PIPES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0624-M |
| | § | |
| TEKSYSTEMS, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Stephen Ray Pipes, a Texas prisoner, against Teksystems, Inc. and Aramark Corp. On March 30, 2010, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on April 13, 2010. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

Although his pleadings are difficult to decipher, plaintiff appears to allege that he was defamed and improperly denied placement services by recruiters at Teksystems and Aramark. (*See* Plf. Compl. at 4, ¶ V; Mag. J. Interrog. #1). By this suit, plaintiff seeks unspecified money damages for injury to his reputation and loss of employment opportunities. (*See* Plf. Compl. at 4, ¶ VI; Mag. J. Interrog. #1).

A.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

B.

Plaintiff has failed to allege a cognizable claim arising under federal law. Although plaintiff attempts to assert a civil rights claim under 42 U.S.C. § 1983, only "state actors" may be sued for federal civil rights violations. Private corporations, like Teksystems and Aramark, become "state actors" only when their conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). When asked to explain how these defendants acted under color of state law," plaintiff references an incident that occurred at Midwestern State

University. (*See* Mag. J. Interrog. #4). However, the mere fact that defendants sent recruiters to a state university does not make their conduct "fairly attributable to the State." The court therefore determines that plaintiff has failed to meet his burden of establishing jurisdiction under 28 U.S.C. § 1331.

C.

Nor is there any basis for federal diversity jurisdiction. According to plaintiff, both Teksystems and Aramark are Texas corporations. (*See* Mag. J. Interrog. #2). Plaintiff is also a citizen of Texas. (*See* Plf. Compl. at 3, ¶ IV(A)). Moreover, plaintiff has failed to establish that the amount in controversy exceeds $75,000. The court therefore concludes that federal diversity jurisdiction is not proper. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.").

**RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE